## Edward Smith, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 20,052. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John J. Sullivan, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action by Edward Smith against Chicago City Railway Company to recover for personal injuries received by plaintiff when a wagon he was driving was struck by one of defendant's cars. Plaintiff had verdict and judgment for nine hundred dollars. To reverse the judgment, defendant prosecutes a writ of error.

The place of the accident was at the intersection of a north and south street and an east and west street, and a street running northeasterly and southwesterly. Plaintiff was driving a loaded wagon north on the first mentioned street and when he reached the intersection he attempted to cross the street car tracks of defendant for the purpose of turning west on the second named street on which a car was approaching from the west. There was evidence tending to show that when plaintiff started to cross the tracks the street car was about two hundred or three hundred feet away coming at full speed and that it did not slacken until it struck the wagon. There was also testimony that no bell or gong was sounded and that the car ran by the point at the intersection where passengers were waiting to board the car.

A. C. Wild, for plaintiff in error; Leonard A. Busby, Warner H. Robinson and Warren D. Bartholomew, of counsel.

John Stelk, for defendant in error; James D. Power, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Street railroads, § 133*—*when negligence and contributory negligence questions for jury.* In an action against a street railway company for personal injuries resulting from a collision between a wagon he was driving and one of defendant's cars at a street intersection, *held* under the evidence that the question whether plaintiff was guilty of contributory negligence and whether defendant was guilty of negligence was for the jury, and that a verdict for plaintiff was sustained by the evidence.

2. Damages, § 115*—*when recovery for personal injuries not excessive.* A verdict for nine hundred dollars for personal injuries *held* not excessive, when it appeared that plaintiff was thrown from his wagon and was apparently unconscious for a time, that there was an injury to his chest and knee, that he was confined to his bed for thirty days, that the knee was badly swollen and that certain functional disorders appeared which gradually diminished.

3. Damages, § 188*—*sufficiency of evidence to prove disorders resulting from accident.* In an action for personal injuries, it is not necessary to prove disorders resulting from the accident by direct and specific evidence that the injury produced the ailments or how the injury produced them; it is proper practice to prove the condition of plaintiff's health at and prior to the time of the accident and to follow that up by proof showing the physicial condition after the injury, and leave it to the jury to determine the cause of the subsequent physicial condition as a question of fact.

4. Witnesses, § 220*—*limits of cross-examination.* In an action for personal injuries, a question put to a physician with reference to the existence of ailments which he could not see, *held* to be within the reasonable limits allowed by cross-examination.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.